## In re GRAND JURY SUBPOENA DUCES TECUM.

## UNITED STATES of America, Appellee,

v.

## James R. and Roseanne PRIVITERA, Appellants.

No. 76–2847.

United States Court of Appeals, Ninth Circuit.

Feb. 7, 1977.

Rehearing and Rehearing En Banc Denied March 24, 1977.

John Joseph Matonis (argued), Washington, D. C., for appellants.

Thaddeus B. Hodgdon (argued), U. S. Dept. of Justice, Washington, D. C., for appellee.

Before TRASK and GOODWIN, Circuit Judges, and THOMPSON,* District Judge.

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

PER CURIAM:

James R. and Roseanne Privitera appeal from the refusal of the district court to quash a subpoena duces tecum directed to the United California Bank in Covina, California. The subpoena ordered production before a grand jury of certain bank records pertaining to the Priviteras.

The Priviteras moved to quash the subpoena on the grounds that it violated their Fourth Amendment rights; that it violated the First Amendment; that it was brought solely for purposes of harassment; and that it was the product of an illegal wiretap.

Standing to assert the Fourth Amendment claim is asserted under California banking law. The Priviteras claim that they had a reasonable expectation of privacy with respect to their bank records. Whatever may be the abstract merits of this argument, it is now settled that a bank depositor does not have standing to enjoin either the bank or the government in the exercise of the grand jury's power to use the subpoena in its investigations into possible crimes within the district. *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976).

The Priviteras have identified no free speech interest impinged upon by this subpoena, and we can find none. Nor can we say that the finding of the district court that the government had proper and lawful grounds for requesting this subpoena is clearly erroneous.

The final contention is based upon 18 U.S.C. § 3504(a), the statute under which the government must affirm or deny an allegation that an illegal wiretap was the source of government evidence in certain situations. Here, however, the Priviteras have no standing to raise the § 3504 point, as they are not "aggrieved parties" under that statute. As the Supreme Court stated in *Gelbard v. United States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972): "In the application of § 3504 to 'any . . . pro-

ceeding in or before any . . . grand jury,' 'a party aggrieved' can only be a witness, for there is no other 'party' to a grand jury proceeding." 408 U.S. at 54, 92 S.Ct. at 2364. As neither of the Priviteras has been called as a witness, and as none of their personal records have been subpoenaed, we cannot entertain their § 3504 objections to the government's subpoena of their bank records.

The decision of the district court is affirmed.